Eastern District of Kentucky
**FILED**

MAR 7 - 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON**

**CIVIL ACTION NO. 04-210-DLB**

**MONICA L. COOTS**                                                                                            **PLAINTIFF**

**vs.**                                     **MEMORANDUM OPINION & ORDER**

**JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION**                                                              **DEFENDANT**

*******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and for the reasons set forth herein, hereby reverses and remands the decision of the Commissioner.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Monica Coots protectively filed an application for supplemental security income (SSI) benefits on September 25, 2001. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on September 23, 2003, in Cincinnati, Ohio. On November 8, 2003, ALJ Larry Temin issued an unfavorable decision, finding that Plaintiff was not under a disability. The Appeals Council denied Plaintiff's request for further review by letter dated September 4, 2004. The ALJ's decision, therefore, stands as the final decision of the Commissioner on Plaintiff's claim.

1

Plaintiff, who was 35 years old at the time of the hearing, has a high school education and alleges an inability to work beginning on February 1, 1998 due to fibromyalgia, respiratory problems, anxiety, and depression. At the hearing before the ALJ, Plaintiff testified that she has constant pain in her neck, lower and mid back, and shoulders; and she has been in four automobile accidents since 1993.

Having exhausted her administrative remedies, Plaintiff filed the instant suit on October 8, 2004. The matter has culminated in cross motions for summary judgment, which are now ripe for the Court's review.

## II. DISCUSSION

### A. Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. See Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations. See id. Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. See Her v. Comm'r of Social Security, 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal

2

a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. See *Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 19). At Steps 2 and 3, the ALJ found that Plaintiff's fibromyalgia; cervical, thoracic, and lumbar strains, with probable degenerative disc disease (without evidence of radiculopathy); obstructive lung disease; and anxiety and depression constitute severe impairments. (Tr. 23). The ALJ concluded, however, that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 23). At Step 4, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of sedentary work. Specifically, the ALJ found that Plaintiff can lift/carry and push/pull 10 pounds occasionally, 5 pounds frequently; in an 8-hour workday, she can stand/walk a total of 2 hours (30 minutes at a time, then must be able to sit for 5 minutes); sit a total of 8 hours (2 hours at a time, then must be able to stand or walk for 5 minutes); never crawl, climb ladders/ropes/scaffolds, operate automotive equipment, or work at unprotected heights or around hazardous machinery; occasionally stoop, kneel, crouch, climb ramps/stairs, and work above shoulder level with the upper extremities; and should avoid concentrated exposure to fumes, noxious odors, dusts, or gases. (Tr. 25). Due to her

3

mental impairments, the ALJ found that Plaintiff is unable to remember or carry out detailed instructions. (Tr. 25).

Because Plaintiff has no past relevant work, the ALJ proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that there are a significant number of sedentary, unskilled jobs in the national economy that Plaintiff can perform, including assembler, production inspector, and receptionist. (Tr. 25-26). This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC.

## C.  Analysis

Plaintiff raises several errors in this appeal. Those errors include: 1) the ALJ failed to give controlling weight to the opinions of her treating physicians, 2) the ALJ functioned as his own medical expert, 3) the ALJ improperly adopted the opinion of a consultative examiner, 4) the vocational expert's testimony does not constitute substantial evidence upon which the ALJ was entitled to rely, 5) the ALJ failed to evaluate her subjective complaints of pain, 6) the ALJ failed to recontact her primary care physicians, and 7) the ALJ failed to consider the totality of her impairments, including her left shoulder ailment, migraine headaches, and fibromyalgia.

In response, the Commissioner argues that: 1) the ALJ was not required to accept the opinions of Plaintiff's treating physicians that she is disabled and precluded from performing any substantial gainful activity, 2) similarly, the ALJ was not required to credit the opinion of Dr. Niklaus Gehler because, as a chiropractor, he is not considered an "acceptable medical source" under the regulations, he completed his functional capacity

4

assessment nearly 15 months after he last treated Plaintiff, and his opinion is internally inconsistent, and inconsistent with the record as a whole, 3) the ALJ properly rejected Dr. Michael Grefer's opinion because he only treated Plaintiff on two occasions, his treatment records are inconsistent with his ultimate opinion, and the results of testing ordered by him were unable to be located, 4) the ALJ properly rejected Dr. Brad Quatkemeyer's opinion because his treatment notes largely reflect Plaintiff's subjective complaints, pertinent portions of his records were left blank, his treatment was limited to refilling her prescriptions, and his functional capacity assessment is inconsistent with his treatment notes, 5) in determining Plaintiff's RFC, the ALJ properly evaluated the totality of the medical evidence, 6) the ALJ expressly considered Plaintiff's subjective complaints of pain, and determined they were not credible, 7) the vocational expert's testimony was based on those limitations that were supported by the record and deemed credible, and was consistent with the information contained in the Dictionary of Occupational Titles (DOT), and 8) the ALJ specifically considered Plaintiff's left shoulder impairment and migraine headaches, and concluded that Plaintiff's fibromyalgia constituted a severe impairment.

Upon review of the administrative record, the Court concludes that the ALJ's RFC assessment is not supported by the record. As noted above, the ALJ made the following findings at Step 4 of the sequential evaluation:

> [T]he claimant has the residual functional capacity to lift/carry and push/pull 10 pounds occasionally, 5 pounds frequently; in an 8-hour workday, she can stand/walk a total of 2 hours (30 minutes at a time, then must be able to sit for 5 minutes); sit a total of 8 hours (2 hours at a time, then must be able to stand or walk for 5 minutes); never crawl, climb ladders/ropes/scaffolds, operate automotive equipment, or work at unprotected heights or around hazardous machinery; occasionally stoop, kneel, crouch, climb ramps/stairs, and work above shoulder level with the upper extremities; and should avoid concentrated exposure to fumes, noxious odors, dusts, or gases. Due to her

5

mental impairments, she would be unable to remember or carry out detailed instructions.

(Tr. 25). Conspicuously missing from the ALJ's analysis is any reference or citation to the abundance of medical evidence contained in the administrative record. The Commissioner argues that any omission is harmless, as "[t]he record need not contain a medical opinion that matches the ALJ's RFC assessment limitation for limitation." (Doc. #10, p.13). Plaintiff disagrees, arguing that "[t]he ALJ's RFC is simply contradicted by the evidence of record, without any explanation or support or reference to any supporting evidence." (Doc. #9, p.9). For the reasons that follow, the Court agrees with Plaintiff on this issue.

An ALJ is required to assess a claimant's residual functional capacity based upon "all of the relevant medical and other evidence." See 20 C.F.R. § 416.945(a)(3). In this case, the ALJ had the benefit of an extensive administrative record. For example, Plaintiff's submitted functional capacity assessments (physical) from three "treating physicians"[1] that were similarly restrictive. With slight variations, each physician limited Plaintiff to less than a full range of sedentary work. (Tr. 419-21, 423-25, 568-570). The ALJ acknowledged these medical source statements, but concluded that they were "not supported by acceptable medical evidence, [were] contradicted by other medical findings, and [were] generally inconsistent with the record as a whole," and were not entitled to controlling weight. (Tr. 20).

Plaintiff also underwent a consultative physical examination on November 30, 2001. Dr. Eric Lohman, the examiner, confirmed the diagnosis of fibromyalgia, and recommended

---

[1] The Court is not convinced that Dr. Grefer can properly be characterized as a "treating source" under the regulations, as he only saw Plaintiff on two occasions. See 20 C.F.R. § 916.927(d)(2).

6

the use of inhalers, as well as a psychiatric evaluation. (Tr. 359). Dr. Lohman opined that, physically, Plaintiff is mildly restricted in her ability to lift, carry, stand, walk, climb, balance, stoop, kneel, and crawl; and she is not significantly restricted in her ability to sit, reach, handle, feel, pull, push, see, hear, or speak. (Tr. 359). Dr. Lohman's report was reviewed by two state agency physicians, who reached similar, but not identical, conclusions.[2]

Plaintiff underwent a consultative psychiatric evaluation - per Dr. Lohman's recommendation - on December 12, 2001. Based on his assessment, Dr. James Rosenthal opined that Plaintiff's ability to understand, remember, and follow simple 1 or 2-step job instructions is not impaired. (Tr. 363). He also opined that Plaintiff's ability to tolerate the stress of day-to-day employment is mildly impaired due to her situational depressed and anxious mood; whereas her ability to relate to co-workers, supervisors, and the general public, and to sustain attention and concentration to complete daily work tasks is not impaired. (Tr. 363). Dr. Rosenthal diagnosed Plaintiff with an adjustment disorder with anxious and depressed mood, as well as substance and alcohol abuse in remission, and noted a GAF score of 68. (Tr. 364).

State agency reviewer Dr. Ann Demaree completed a Psychiatric Review Technique Form (PRTF) on January 8, 2002, in which she concurred with Dr. Rosenthal's assessment. Dr. Demaree noted the absence of any mental health history, and opined

---

[2]Dr. James Ross opined that Plaintiff can lift/carry 50 pounds occasionally, 25 pounds frequently; stand/walk and sit 6 hours in an 8-hour workday; occasionally climb, stoop, kneel, crouch, and crawl; and frequently balance. (Tr. 381-89).

Dr. Timothy Gregg imposed similar restrictions, except to state that Plaintiff can frequently climb ramps/stairs, stoop, kneel, crouch, and crawl; and occasionally climb ladders/ropes/scaffolds. Dr Gregg opined that Plaintiff's ability to balance is not limited. (Tr. 391-99).

7

that, at that time, Plaintiff was exhibiting symptoms of an adjustment disorder secondary to a traumatic event that occurred in April 2001,[3] but appeared in early remission. (Tr.366-78). A subsequent PRTF and mental RFC form completed by fellow state agency reviewer, Dr. Edward Ross, indicated moderate limitations in her ability to perform activities within a schedule, maintain regular attendance, be punctual, and interact appropriately with the general public. (Tr. 400-17).

Despite what can only be considered ample medical evidence, the ALJ failed to cite to any of these opinions in formulating Plaintiff's RFC. Absent supporting "relevant medical and other evidence," see 20 C.F.R. § 416.945(a)(3), the Court is unable to conclude that the ALJ's decision is based upon substantial evidence. For this reason, remand is required.[4]

### III. CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found not to be supported by substantial evidence and is hereby **REVERSED**, with this action **REMANDED.**

---

[3] An acquaintance of Plaintiff's died in a trailer fire.

[4] In reaching this conclusion, the Court is not unmindful of Plaintiff's other errors alleged. However, those errors do not require remand. For example, despite Plaintiff's vehement protestations to the contrary, the ALJ faithfully adhered to the "treating physician" rule, devoting a substantial portion of his written decision to the opinions of Plaintiff's treating sources. See 20 C.F.R. § 416.927(d)(2). (Tr. 19-21). Similarly, it is not clear, precisely how much weight the ALJ gave to the opinion of consultative examiner, Dr. Lohman. Moreover, aside from generally alleging that the ALJ should have recontacted her treating physicians, Plaintiff fails to establish that the factual predicates of 20 C.F.R. 416.912(e) are satisfied, or indicate what additional information was available and/or why it would be relevant to her claim. Finally, a review of the ALJ's written decision reveals that he properly considered Plaintiff's subjective complaints of pain (Tr. 24-25), as well as the totality of her impairments (Tr. 21, 23-24).

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #10) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #8) is hereby **GRANTED.**

A Judgment reversing and remanding this matter will be entered contemporaneously herewith.

Dated this 7th day of March, 2006.



Signed By:
*David L. Bunning* DB
**United States District Judge**

G:\DATA\SocialSecurity\MOOs\2-04-210-CootsMOO.wpd

9